NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

————————————————————————  :
                                                            :
HEALTH CARE SOFTWARE, INC.,          :
                                                            :
                        Petitioner,          :          Civil Action No. 10-2739 (JAP)
          v.                                            :
                                                            :          **OPINION**
LOWER CAMERON HOSPITAL          :
SERVICE DISTRICT; PACER HEALTH     :
CORPORATION; and PACER HEALTH     :
MANAGEMENT CORPORATION,          :
                                                            :
                        Respondents.          :
————————————————————————  :


PISANO, District Judge.

          Presently before the Court is a motion to dismiss for failure to state a claim filed by

Respondent Lower Cameron Hospital Service District (the "District") pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure.  The motion seeks to dismiss a petition filed by Health

Care Software, Inc. ("HCS") pursuant to 9 U.S.C. § 4 to compel arbitration against the District,

Pacer Health Corporation, and Pacer Health Management Corporation.  HCS opposes the

District's motion.  For the reasons that follow, the Court finds that arbitration is appropriate and,

therefore, the District's motion is denied and HCS's petition to compel arbitration is granted.[1]

## I.        Background

          HCS commenced this action on May 28, 2010, when it filed a petition to compel

arbitration to resolve a dispute between the parties.  The dispute revolves around payment of fees

---

[1]       The Court notes that Pacer Health Corporation and Pacer Health Management
Corporation have failed to participate in this litigation and in the arbitration process.  Because
their agreement with HCS contains the identical language in dispute, the Court will similarly
compel arbitration against them.

for goods provided and services rendered under agreements between the parties.  The agreements provide that New Jersey law governs and they require that any disputes between the parties be settled by arbitration in New Jersey.[2]  After a dispute arose between the District and HCS, the District filed for arbitration with the American Arbitration Association on October 22, 2009. HSC responded to the District's demand for arbitration and filed a third-party demand for arbitration against Pacer Health Corporation and Pacer Health Management Corporation on November 18, 2009.

The District then indicated that it would not arbitrate in New Jersey, nor would it allow that its agreement with HCS was governed by New Jersey law.  In its refusal to arbitrate in New Jersey, the District relied on a Louisiana statute, La. R.S. 9:2778, which purports to require arbitrations against political subdivisions of Louisiana to be venued in Louisiana and to be construed under Louisiana law.  The statute further purports to nullify any contracts to the contrary.[3]

---

[2]      Specifically, there are two agreements, one between HCS and the District and one between HCS and Pacer Health Corporation, that contain identical provisions regarding governing law and arbitration venue.  Section 11(G) of both agreements contains the governing law provision, which reads: "This Agreement is made pursuant to and shall be governed, construed, and enforced in accordance with the laws of the State of New Jersey."  Petition, Exhs. A and B.  The arbitration provision, at section 11(A) of both agreements reads:

> All disputes, controversies or claims hereunder shall be settled by arbitration in Monmouth County, New Jersey, in accordance with the rules of the American Arbitration Association, and the decision of the arbitrator shall be final and binding with respect to the matter in dispute and judgment upon the award rendered by the arbitrator may be entered in any court having Jurisdiction.

*Id.*

[3]      La. R.S. 9:2778 reads, in relevant part:

> A. The legislature finds that with respect to public contracts involving the state or a political subdivision of the state, provisions in such agreements requiring disputes arising thereunder to be resolved in a forum outside of this state or

2

The District filed the instant motion on July 16, 2010.  The District seeks to dismiss HCS's action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and relies on the same Louisiana statute, La. R.S. 9:2778, that it cited when it originally declined to arbitrate.  HCS counters that the Federal Arbitration Act preempts the Louisiana statute so that the dispute must be arbitrated in New Jersey pursuant to the agreements.  HCS and the District argued their positions before the Court on February 25, 2011.  At oral argument, the District cited the Eleventh Amendment of the United States Constitution as the basis for why the Federal Arbitration Act does not preempt a statute that nullifies agreements with political subdivisions of Louisiana that require arbitration outside the state.  The Court reserved a decision pending further briefing by the parties on this argument.  The briefs have been submitted and the Court now renders its decision.

## II.    Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).  The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

---

requiring their interpretation to be governed by the laws of another jurisdiction are inequitable and against the public policy of this state.

B. The legislature hereby declares null, void, unenforceable, and against public policy, any provision in a contract, subcontract, or purchase order, as described in Subsection A, which either:

(1) Requires a suit or arbitration proceeding to be brought in a forum or jurisdiction outside of this state.

(2) Requires interpretation of the agreement according to the laws of another jurisdiction.

detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Id.* at 555 (internal citations omitted).  Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ..." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570).  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citations omitted).

## III.   Discussion

9 U.S.C. § 4 provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

HCS, in its petition to compel arbitration, has asserted that this Court would normally have jurisdiction because the parties are completely diverse and the amount in controversy exceeds

$75,000.  HCS has also submitted evidence of arbitration agreements between the parties such that dismissing its petition under Fed. R. Civ. P. 12(b)(6) would be inappropriate.  Thus, the Court considers the petition to compel arbitration on its merits.

Section 2 of the Federal Arbitration Act ("FAA") provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  At first glance, it may appear that La. R.S. 9:2778 provides "such grounds as exist at law" for the revocation of the arbitration clause at issue.  Indeed, La. R.S. 9:2778 declares null, void, and unenforceable any provision of a public contract which "[r]equires a suit or arbitration proceeding to be brought in a forum or jurisdiction outside of this state [or] [r]equires interpretation of the agreement according to the laws of another jurisdiction."

The Supreme Court, however, has emphasized that states may only provide for the revocation of arbitration contracts "'upon such grounds as exist at law or in equity for the revocation of *any* contract.'"  *Allied-Bruce Terminix Companies, Inc., v. Dobson*, 513 U.S. 265, 281, 115 S. Ct. 834, 843 (1995) (quoting 9 U.S.C. § 2) (emphasis supplied in *Dobson*).  A state law is only applicable "*if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally."  *Perry v. Thomas*, 482 U.S. 483, 492 n.9, 107 S. Ct. 2520, 2527 n.9 (1987) (emphasis in original).  Thus, states may not single out arbitration clauses for suspect status such that they are placed on an unequal footing compared with other provisions of a contract.  *Dobson*, 513 U.S. at 281.  Such a state policy is unlawful under the FAA because it is directly contrary to the FAA's language and Congress' intent.  *Id.*  "A court may not, then, in assessing the rights of litigants to enforce an arbitration agreement, construe that agreement in

a manner different from that in which it otherwise construes nonarbitration agreements under state law." *Perry*, 482 U.S. at 492 n.9.

Although no court has adjudicated whether La. R.S. 9:2778 is preempted by the FAA, the Fifth Circuit has found that La. R.S. 9:2779, which purported to invalidate foreign arbitration and choice-of-law provisions in construction contracts, is preempted by the FAA.  In *OPE International LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443 (5th Cir. 2001), the court found that La. R.S. 9:2779, with language that paralleled La. R.S. 9:2778, "directly conflicts with § 2 of the FAA because the Louisiana statute conditions the enforceability of arbitration agreements on selection of a Louisiana forum; a requirement not applicable to contracts generally."  258 F.3d at 447.  Therefore, it compelled arbitration in Texas, according to the agreement entered into by the parties.

The Court finds that La. R.S. 9:2778 is preempted by the FAA.  Louisiana's statute does not provide guidance for the revocation of "any contract," as required by the FAA, but instead is limited to arbitration and choice-of-law provisions in contracts with Louisiana state entities.  It is also clear that Louisiana's statute singles out arbitration provisions for suspect status such that they are not on the same footing as other contract provisions.  Though the Louisiana statute would have this Court invalidate the arbitration agreement between HCS and the District, the Supreme Court has clearly proclaimed that "[c]ourts may not . . . invalidate arbitration agreements under state laws applicable only to arbitration provisions." *Doctor's Associates, Inc., v. Casarotto*, 517 U.S. 681, 687, 116 S. Ct. 1652, 1656 (1996).  Thus, the Court finds that La. R.S. 9:2778 is preempted by the FAA.

The District contends that preemption is not the issue in the instant case.  Instead, the District reads La. R.S. 9:2778 as limiting the authority of public officials to enter into agreements

that do not provide Louisiana as the venue for arbitration and the state for choice-of-law issues. Therefore, the District argues, the officials' entering into such an agreement was *ultra vires*, and as such the agreement was unenforceable.  In support of its argument, the District relies on a case from the D.C. Court of Appeals, *District of Columbia v. Greene*, 806 A.2d 216 (D.C. 2002).  In *Greene*, the court upheld a local government procurement statute that required the hearing of any procurement dispute before a specific administrative tribunal because it "withholds from [D.C.'s] contracting officers the power to agree to arbitration (or, for that matter, to agree to any form of dispute resolution other than administrative)."  *Greene*, 806 A.2d at 222.  The Louisiana statute, by contrast, does not prohibit officers of Louisiana or its political subdivisions from entering into arbitration agreements; by its language, La. R.S. 9:2778 "declares null, void, unenforceable, and against public policy" any provision of a public contract that requires arbitration or applies governing law outside of Louisiana.  The statute does not preclude the state or political subdivisions from agreeing to arbitration; it merely imposes venue and choice-of-law requirements on such agreements that are not applicable to other contracts in general, in conflict with the FAA.

The District also claims that the Eleventh Amendment to the United States Constitution protects the application of La. R.S. 9:2778 to contracts involving political subdivisions.  The Eleventh Amendment reads:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. Const. amend. XI.  Because the statute was expressed as a finding of the legislature that foreign forum arbitration and the application of foreign law in public contracts were against the

public policy of the state, the District argues that the state of Louisiana has extended its Eleventh Amendment protections to all of its subdivisions with respect to such contract provisions.

The Supreme Court, however, has decided otherwise. "By its terms, the protection afforded by that Amendment is only available to 'one of the United States,'" the Court has stated, and "the Court has consistently refused to construe the Amendment to afford protection to political subdivisions such as counties and municipalities, even though such entities exercise a slice of state power." *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 400-401, 99 S. Ct. 1171, 1177 (1979). Indeed, federal courts in Louisiana have held that Eleventh Amendment immunity from suit does not apply to political subdivisions, such as the District, notwithstanding state statutes that purport to extend such immunity to political subdivisions. *See, e.g.*, *N.Y. Life Ins. Co. v. Plaquemines Parish Comm'n Council*, 1991 WL 161512 (E.D. La. 1991). Therefore, because the District is a political subdivision, the Eleventh Amendment does not afford it protection and this Court may compel arbitration in New Jersey.

## IV.    Conclusion

The Court concludes that La. R.S. 9:2778 is preempted by the FAA. As such, the District's motion to dismiss is denied and HCS's petition is granted. Arbitration by the terms of the agreements is appropriate and the Court will enter an order directing the parties to proceed to arbitration in accordance with the terms of the agreements.

/s/ JOEL A. PISANO
United States District Judge

Dated: March 15, 2011